THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL VOORHEES,<br><br>               Plaintiff,<br><br>v.<br><br>WEBER COUNTY; SHERIDA MALAN; COLBY RYAN; MARK HORTON; and KEVIN LOGERQUIST,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [5] MOTION TO SET ASIDE JUDGMENT**<br><br>Case No. 1:20-cv-00069-DBB<br><br>District Judge David Barlow |

      Plaintiff Michael Voorhees filed a complaint against Defendants Weber County, Sherida Malan, Colby Ryan, Mark Horton, and Kevin Logerquist.[1] Plaintiff never served notice on Defendants, and this court dismissed the case without prejudice for failure to serve the Defendants and prosecute the case.[2] Plaintiff has moved the court to set aside this dismissal.[3]

## BACKGROUND

      Plaintiff filed a complaint against Defendants alleging and seeking relief for assault, battery, false imprisonment, excessive force, false arrest, and intentional infliction of emotional distress.[4] However, Plaintiff failed to serve notice on any of the Defendants.[5] About three weeks after the Rule 4 deadline had passed, the court issued Plaintiff an order to show cause within 14

---

[1] Complaint, ECF No. 2, filed June 15, 2020.
[2] *See* Order of Dismissal, ECF No. 4, filed November 9, 2020.
[3] Motion to Set Aside Judgment, ECF No. 5, filed November 20, 2020.
[4] ECF No. 2.
[5] ECF No. 5.

days why the case should not be dismissed.[6] The Order further stated that failure to respond within 14 days "will result in this case being dismissed."[7] Plaintiff did not respond, and thirty-five days later the court issued an order of dismissal.[8] Eleven days after the order of dismissal was issued, Plaintiff filed his Motion to Set Aside Judgment and asked the court for a sixty-day extension to serve the summons and complaint upon Defendants.[9]

**STANDARD**

Plaintiff asks the court to set aside its order of dismissal under Federal Rules of Civil Procedure Rule 60(b)(1), which allows the court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect."

**DISCUSSION**

When a plaintiff fails to timely serve a defendant, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made withjn a specified time."[10] Here, Plaintiff failed to serve any of the Defendants. Weeks after the service deadline had passed, the court issued Plaintiff an order to show cause why the case should not be dismissed, specifically stating that a failure to respond within 14 days "will result in this case being dismissed."[11] Plaintiff did not respond, and over a month later the court dismissed the case without prejudice.[12]

Plaintiff's Motion to Set Aside Judgment argues that the failure to serve Defendants was excusable neglect because Plaintiff "has been unable to secure residential address contact

---

[6] Order to Show Cause, ECF No. 3, filed October 5, 2020.
[7] *Id.*
[8] ECF No. 4.
[9] ECF No. 5.
[10] FRCP 4(m).
[11] *Id.*
[12] ECF No. 4.

information for the individual defendants named in the complaint."[13] Excusable neglect, or other good cause, can provide a basis to relieve a party from a judgment and also can support additional time for service of process.[14] But while Plaintiff has offered a reason for not timely serving the individual defendants, he has not explained his failure to serve Weber County. His motion also does not explain why he did not seek an extension of time before the deadline for service had passed. Finally, Plaintiff offers no reason for failing to respond to the Order to Show Cause, which specifically stated that a failure to timely respond would result in dismissal of the action. Accordingly, Plaintiff has not shown excusable neglect or other good cause.

## ORDER

Therefore, Plaintiff's motion to set aside judgement is DENIED.

Signed April 22, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[13] ECF No. 5 at 2-3.
[14] See FRCP 4(m), FRCP 60(b).